# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>          Plaintiff,<br><br>     v.<br><br>JERRY BROWN, et al.,<br><br>          Defendants. | Case No. 1:13-cv-00089-AWI-SMS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THIS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE**<br><br>**Doc. 10** |

Plaintiff Isabel Tubach ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") proceeds *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this action on January 18, 2013.  Doc. 1.

In the complaint, Plaintiff alleged that she was being physically and sexually abused and harassed in violation of the Eighth Amendment, but she did not identify any specific constitutional right that she believed was violated.  The complaint failed to allege specific factual

1

details, including the dates on which the abuse and harassment occurred.

On January 6, 2014, to enable the Court to screen the complaint in compliance with 28 U.S.C. § 1915A, this Court issued an order requiring Plaintiff to submit within thirty (30) days a more definite statement of facts. Doc. 9. The order warned Plaintiff that failure to comply might result in the action's being dismissed without further notice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On February 19, 2014, after more than thirty days passed without any action by Plaintiff, the Court ordered her to show cause within fifteen days why this action should not be dismissed, warning her that this action would be dismissed if she failed to respond. Doc. 10. Although the fifteen-day deadline has expired, Plaintiff has not complied with or otherwise responded to either of the Court's orders.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006), *quoting Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). These factors guide a court in deciding how to proceed when a plaintiff fails to actively prosecute his or her case.

Based on Plaintiff's failure to comply with or otherwise respond to the above orders, the Court is left with no alternative but to dismiss the action for failure to prosecute. *Id.* This action cannot proceed without Plaintiff's cooperation and compliance with the orders at issue.

Accordingly, the undersigned recommends that this action be DISMISSED for failure to follow the Court's orders.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 26, 2014**              **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE

3